IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOSE GREGORIO NAZARETH CAMBRONERO PALMA**               **PETITIONER**

**v.**                                        **CIVIL ACTION NO. 5:20-cv-47-DCB-MTP**

**SHAWN GILLIS, ET AL.**                                **RESPONDENTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Petitioner's failure to prosecute and failure to comply with the Court's prior orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On February 24, 2020, Attorney Nicolas Aguado, on behalf of Petitioner, filed a Petition for Writ of Habeas Corpus [1]. The next day, the Clerk of Court informed counsel that he is not admitted to practice before this Court and that he would need to seek *pro hac vice* admission in order to participate in this action. *See* Letter [2]. Counsel did not seek *pro hac vice* admission. Instead, on March 27, 2020, counsel filed a Motion [3] seeking to withdraw as counsel for Petitioner. Counsel asserted that he had been unable to communicate with Petitioner.

On March 30, 2020, the Court directed Petitioner to respond to the Motion to Withdraw [3] on or before April 20, 2020. *See* Order [4]. Petitioner did not respond to the Motion to Withdraw.[1] On April 27, 2020, the Court granted the Motion to Withdraw and directed Petitioner to obtain substitute counsel or inform the Court, in writing, that he intends to proceed without an attorney by May 8, 2020. *See* Order [6]. The Court warned Petitioner that his failure

---

[1] On April 22, 2020, the Court's Order [4] was returned as undeliverable. *See* Mail Return [5].

to obtain counsel or to inform the Court of his intension to proceed without an attorney may result in the dismissal of this action.

Petitioner failed to obtain substitute counsel or advise the Court that he intends to proceed without an attorney.[2] Thus, on May 14, 2020, the Court directed Petitioner to file a written response by no later than May 21, 2020, explaining why this action should be dismissed for failure to prosecute and failure to comply with the Court's orders. The Court warned Petitioner that his failure to respond by May 21, 2020 may result in this action being dismissed without further notice. Petitioner did not file a written response as ordered.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the petitioner's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Martin v. Pearson*, 405 Fed. App'x 859, 860 (5th Cir. 2010) (citing Rule 41(b) and affirming the dismissal of a § 2241 habeas action where the petitioner failed to comply with the district court's order). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

---

[2] On May 4, 2020, the Court's Order [6] was returned as undeliverable. *See* Mail Return [7].

## RECOMMENDATION

As Petitioner has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 1st day of June, 2020.

s/ Michael T. Parker
United States Magistrate Judge